IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES COMMODITY FUTURES TRADING COMMISSION, | ) ) ) | |
| and | ) ) | Civil Case No. 03-603-KI |
| STATE OF OREGON *EX REL* CORY STREISINGER, DIRECTOR OF THE DEPARTMENT OF CONSUMER AND BUSINESS SERVICES, in her official capacity, | ) ) ) ) ) ) | OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| ORION INTERNATIONAL, INC., RUSSELL B. CLINE, APRIL DUFFY, BANGONE VORACHITH, and NANCY HOYT, | ) ) ) ) ) | |
| Defendants. | ) ) | |

Page 1 - OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Richard P. Foelber
Commodity Futures Trading Commission
1155 21st Street, N.W.
Washington, D. C.  20581

Hardy Myers
Oregon Attorney General
David C. Tatman
Kirsten L. Anderson
Special Assistant Attorneys General
Department of Consumer and Business Services
350 Winter Street, N.E.
Salem, Oregon  97310

      Attorneys for Plaintiffs

Kristen L. Winemiller
1420 World Trade Center
121 S.W. Salmon Street
Portland, Oregon  97204

      Attorney for Defendant Russell Cline

KING, Judge:

Plaintiffs the United States Commodity Futures Trading Commission ("CFTC") and the State of Oregon Department of Consumer and Business Services ("DCBS") bring this action against Orion International, Inc., its director, Russell Cline, and three other individual defendants. Plaintiffs allege that defendants set up a fraudulent scheme to solicit members of the public to trade illegal off-exchange futures contracts on foreign currencies and to misappropriate customer funds. Consent orders of Permanent Injunction, Ancillary Equitable Relief, and Civil Monetary Penalty were entered on September 7, 2004 as to all the individual defendants except Cline. Plaintiffs obtained an order of default judgment against Orion International, Inc. on June

16, 2006. Before the court is Plaintiffs' Motion for Summary Judgment Against Defendant Russell B. Cline (#368).

## LEGAL STANDARDS

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the evidence is viewed in the light most favorable to the nonmoving party. Universal Health Services, Inc. v. Thompson, 363 F.3d 1013, 1019 (9th Cir. 2004).

## DISCUSSION

Plaintiffs submitted a proposed Consent Order of Permanent Injunction and Ancillary Equitable Relief Against Russell B. Cline in April of 2006 ("Proposed Consent Order"). Counsel, on behalf of Cline, responded to the Proposed Consent Order in a letter dated November 3, 2006. This Court construes that letter as a response to the motion for summary judgment. The letter is attached as the first exhibit to Plaintiffs' Memorandum in Response to Settlement Letter to Court from Counsel for Defendant Russell B. Cline ("Plaintiffs' Response").

As set forth in Plaintiffs' Response, plaintiffs do not agree to the changes to the Proposed Consent Order suggested by Cline and request that this Court rule on their motion for summary judgment. Specifically, plaintiffs assert that this Court has jurisdiction due to the fact that the

CFTC possesses jurisdiction over the foreign currency transactions alleged in the Complaint. In addition, plaintiffs dispute that the factual statements from Cline's plea colloquy in the criminal matter would be sufficient to support the relief plaintiffs request here. Plaintiffs also object to Cline's suggested civil monetary penalty of $3,432,095. However, plaintiffs do not object to a restitution amount, equal to the amount in the criminal proceeding against Cline, of $16,567,905. Plaintiffs assert that the proposed findings of fact and conclusions of law are necessary for consideration by the Court. Finally, plaintiffs stand by the injunction language suggested in the Proposed Consent Order.

Having reviewed plaintiffs' motion for summary judgment, and considered the arguments set forth in the November 3, 2006, letter, I find that this Court has subject matter jurisdiction over this matter as set forth in Section III of the Proposed Consent Order.

I reject Cline's request that I adopt the factual statements from the plea colloquy, and I find that Cline has failed to rebut the evidence submitted by plaintiffs in support of the Findings of Fact in the Proposed Consent Order. Furthermore, I find that Section IV of the Proposed Consent Order states the material issues of fact necessary to order summary judgment in this matter.

Accordingly, I order restitution in the amount of $16,567,905, which shall be made in the manner provided in Section VII.A. of the Proposed Consent Order. In addition, I order a civil monetary penalty in the amount of $16,567,905 because this amount reflects Cline's gain as measured by the amount of funds he did not return to the victims of the fraud. The civil monetary penalty shall be paid in the manner set forth in Section VII.B. of the Proposed Consent

Order, but not before Cline satisfies the restitution obligation. Unless otherwise required by law, the Court will not impose post-judgment interest.

Finally, I order the entry of a permanent injunction against Cline as set forth in Section VI of the Proposed Consent Order, with one amendment. Section VI.B.4. shall read as follows: "Placing orders or giving advice or price quotations, or other information in connection with the purchase or sale of commodity interest contracts for themselves and others. This language does not prohibit Cline from engaging in transactions that are outside the jurisdiction of the CFTC, such as spot and forward transactions, and securities transactions that do not fall within the jurisdiction of the State of Oregon." Based on the addition of this language, and the representations of plaintiffs in paragraph III.E. of Plaintiffs' Response, Cline's objections to the language in Section VI are denied.

Plaintiffs are directed to make the changes identified above to the Proposed Consent Order and submit it to the Court as an Order of Permanent Injunction and Ancillary Equitable Relief Against Russell B. Cline.[1]  If plaintiffs want judgments entered against Cline and Orion, plaintiffs should also submit to the Court proposed judgments.

///

///

---

[1] Plaintiffs shall make any other changes necessary to reflect that the Order is not the result of settlement; e.g. deleting Section II relating to Consents and Agreements.

Page 5 - OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY
            JUDGMENT

## CONCLUSION

Based on the foregoing, Plaintiffs' Motion for Summary Judgment (#368) is granted.

IT IS SO ORDERED.

Dated this     27th         day of November, 2006.


                          /s/ Garr M. King
                          Garr M. King
                          United States District Judge